UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DESIGN BASICS, LLC,                              Case No.

          Plaintiff,                              Hon.

v

COUNTRY VIEW ESTATES, LLC,
CONTRACT SUPPLY, INC., CVE HOMES,
LLC, PROFESSIONAL HOME UPDATES,
LLC, RIVERSTONE HOLDINGS, LLC,
SCOTT A. HANCOCK, and IMPACT REAL
ESTATE, LLC,

          Defendants,
_____

Aaron M. Halvas (P63424)
HALVAS LAW FIRM, PLLC
Attorneys for Plaintiff
2153 Wealthy Street, S.E., Suite 244
East Grand Rapids MI  49506
(616) 295-6471
ahalvas@halvaslaw.com

Dana A. LeJune
Texas Bar No. 12188250
LEJUNE LAW FIRM
Attorneys for Plaintiff
6525 Washington Ave., Suite 300
Houston, TX 77007
(713) 942-9898
dlejune@triallawyers.net
_____

**COMPLAINT AND JURY DEMAND**

     Plaintiff, Design Basics, LLC (hereinafter, "DB") by its attorneys, Halvas Law Firm, PLLC and Dana A. LeJune, brings this Complaint against the Defendants, Country View Estates, LLC (hereinafter "CVE"), Contract Supply, Inc. ("hereinafter "Contract Supply"), CVE Homes,

1

LLC (hereinafter "CVE Homes"), Professional Home Updates, LLC (hereinafter "Professional Home"), Riverstone Holdings, LLC (hereinafter "Riverstone"), Scott A. Hancock (hereinafter "Hancock"), and Impact Real Estate, LLC (hereinafter "Impact Real Estate"), and states as follows:

## JURISDICTION AND VENUE

1.      This Complaint is brought pursuant to 17 U.S.C. § 101 *et seq.* (hereinafter referred to as the "Copyright Act" or "Title 17") and 17 U.S.C. § 1202 *et seq.* (hereinafter the "Digital Millennium Copyright Act" or "DMCA").

2.      Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. § 1338.  Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 inasmuch as the claims set forth herein arise under the U.S. Copyright Act.

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) and (c) as each of the Defendants reside and/or maintain a principal place of business in this District as more fully set forth below.

## PARTIES

4.      Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.  DB is owned 50/50 by two (2) members, Myles Sherman and Patrick Carmichael.  Both Mr. Sherman and Mr. Carmichael are Texas residents.

5.      Defendant, CVE, is a for-profit Michigan limited liability company with a principal office located at 13937 Webster Road, Suite A, Bath, MI, 48808.  CVE is in the business of marketing, development, construction supply, construction, remodeling, and/or the sale of residential houses.

6. Defendant, Contract Supply, is a for-profit Michigan corporation with a principal office located at 13937 Webster Road, Suite A, Bath, MI, 48808. Contract Supply is in the business of marketing, development, construction supply, construction, remodeling, and/or the sale of residential houses.

7. Defendant, CVE Homes, is a for-profit Michigan limited liability company with a principal office located at 13937 Webster Road, Suite A, Bath, MI, 48808. CVE Homes is in the business of marketing, development, construction supply, construction, remodeling, and/or the sale of residential houses.

8. Defendant, Professional Home, is a for-profit Michigan limited liability company with a principal office located at 13937 Webster Road, Suite A, Bath, MI, 48808. Professional Home is in the business of marketing, development, construction supply, construction, remodeling, and/or the sale of residential houses.

9. Defendant, Riverstone, is a for-profit Michigan limited liability company with a principal office located at 13937 Webster Road, Suite A, Bath, MI, 48808. Riverstone is in the business of marketing, development, construction supply, construction, remodeling, and/or the sale of residential houses.

10. Defendant Hancock is an individual residing in Bath, MI, who is an officer, director, manager and/or other principal of the entity Defendants identified in paragraphs 5 through 9 herein.

11. Defendant, Impact Real Estate, is a for-profit Michigan limited liability company with a principal office located at 2876 Crestwood Drive, East Lansing, MI, 48823. Impact Real Estate is in the business of marketing, development, construction supply, construction, remodeling, and/or the sale of residential houses.

**GENERAL ALLEGATIONS**

12. DB incorporates by reference paragraphs 1 through 11 as though the same were fully set forth herein.

13. Since the mid 1980's, DB has been a major publisher of home plan catalogs. With the advent of the internet, and through DB's marketing of its works through the publishing of its designs on its website, and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

14. DB is the sole original author and owner of a large number of architectural works, including those entitled the "8091 Winter Woods," "2761 Mayberry," and "8540 Cavanaugh" (hereinafter collectively referred to as the "Copyrighted Works").

15. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8091 Winter Woods" is attached hereto as Exhibit 1.

16. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2761 Mayberry" is attached hereto as Exhibit 2.

17. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8540 Cavanaugh" is attached hereto as Exhibit 3.

18. On May 21, 2013 DB first became aware that the Defendants had violated their copyrights in one or more distinct ways. Upon investigation, DB saw several infringements of their works on Defendants' website, www.cvehomes.com and preserved them by making screen captures. To date, DB has discovered that the Defendants have infringed the following DB works:

   a. DB's "8091 Winter Woods," which Defendants refer to as "R1400;"
   b. DB's "2761 Mayberry," which Defendants refer to as "R1410;"
   c. DB's "8540 Cavanaugh," which Defendants refer to as "Sedona;" and

    d. DB has also discovered a second infringement of DB's "8540 Cavanaugh," which Defendants also refer to as "R1910" or "Lexington."

19. Additionally, one or more of the Defendants received plan orders from DB and/or one or more of the Defendants have licensed works from DB. A copy of the purchase orders are attached hereto as Exhibit 4.

20. However, when DB checked its records, it found that DB had never licensed any of the Copyrighted Works set forth in paragraphs 15 through 17 above, to *any* of the Defendants.

21. In addition to posting infringing copies of DB's copyright protected works on Defendants' website(s) for purposes of advertising, marketing and/or promotion, on information and belief, one or more of the Defendants, had a financial interest in the infringing activities, and/or realized profit attributable to infringing activities, including but not limited to the construction of one or more three-dimensional infringing copies (houses) of these works.

22. Each three-dimensional copy constructed by Defendants as alleged in paragraph 21 above constitutes a derivative work infringing Plaintiff's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

23. Inasmuch as Hancock was the principal and/or manager of the corporate entities identified in paragraphs 5 through 9 herein, and/or otherwise had control of those entities at the time Defendants infringed DB's works – and because Hancock was the individual who ordered and/or received design catalogs from DB (*See* Exhibit 4) – Hancock had knowledge of the infringing activities and/or had a financial interest and/or benefited there from by providing real estate, development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of Defendants' marketing, construction, and/or sales of said infringing houses.

24. The conduct of the entity Defendants as described above, was performed and/or accomplished through the direction, control and conduct of Hancock personally, as owner,

officer, director and/or manager of the entity Defendants. Hancock had the right and ability to supervise the infringing activities, including but not limited to preventing the entity Defendants from infringing DB's works, and/or stopping the infringements once they began. Additionally, on information and belief, Hancock received pecuniary benefit from the acts of infringement by the entity Defendants. Accordingly, Hancock is personally liable to DB as a joint and/or contributory infringer, or is otherwise vicariously liable.

25. The illicit acts of the Defendants, as set forth more fully above were done without permission or license from DB, and are in violation of DB's exclusive copyrights in said works.

26. Upon information and belief, Defendants have infringed DB's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of and through the discovery process.

## CAUSES OF ACTION FOR WILLFUL COPYRIGHT INFRINGEMENT

### COUNT I

27. DB incorporates by reference paragraphs 1 through 26 as though the same were fully set forth herein.

28. Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 17 above by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and upon information and belief have done so with others of DB's works which are as yet undiscovered.

### COUNT II

29. DB incorporates by reference paragraphs 1 through 28 as though the same were fully set forth herein.

30. Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 17 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT III

31. DB incorporates by reference paragraphs 1 through 30 as though the same were fully set forth herein.

32. Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 17 above by creating derivatives there from in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT IV

33. DB incorporates by reference paragraphs 1 through 32 as though the same were fully set forth herein.

34. Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 17 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## ALTERNATIVE CAUSES OF ACTION FOR NON-WILLFUL COPYRIGHT INFRINGEMENT

### COUNT V

35. DB incorporates by reference paragraphs 1 through 34 as though the same were fully set forth herein.

36. Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 17 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

### COUNT VI

37. DB incorporates by reference paragraphs 1 through 36 as though the same were fully set forth herein.

38. Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 17 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

### COUNT VII

39. DB incorporates by reference paragraphs 1 through 38 as though the same were fully set forth herein.

40. Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 15 through 17

above by creating derivatives of Plaintiff's works in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT VIII

41.     DB incorporates by reference paragraphs 1 through 40 as though the same were fully set forth herein.

42.     Alternatively, Defendants, without knowledge or intent, infringed on one or more of Plaintiff's copyrighted works identified and described in paragraphs 15 through 17 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## VIOLATIONS OF DMCA § 1202

## COUNT IX

43.     DB incorporates by reference paragraphs 1 through 42 as though the same were fully set forth herein.

44.     Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

45.     In creating the drawings identified above, one or more of said Defendants intentionally removed and omitted DB's copyright management information, or had them removed or omitted from copies of DB's works.

46.     One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without authorization.

47.     At the time said Defendants removed DB's copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of DB's copyrights.

48.     DB is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

49.     Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled to and seeks to recover their reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, in addition to and without limiting any of the remedies sought and described above, DB is entitled to and respectfully requests that a judgment be entered in its favor and against the Defendants jointly and severally, ordering the following additional relief:

A.  An accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B.  An award of DB's actual damages, in an amount to be determined at trial;

C.  For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D.  In the alternative, at DB's option, an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. An award of DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

J. For such other relief as the Court determines to be just and equitable.

**JURY DEMAND**

Plaintiff, Design Basics, LLC, demands its constitutional right to trial by jury.

                              **HALVAS LAW FIRM, PLLC**
                              Attorneys for Plaintiffs

                                    /s/ Aaron M. Halvas

Dated:  May 19, 2016            By:_____
                                Aaron M. Halvas (P63424)

                              **BUSINESS ADDRESS & TELEPHONE:**
                                2153 Wealthy Street, S.E., Ste. 244
                                East Grand Rapids, MI  49506
                                (616) 295-6471


                              **LEJUNE LAW FIRM**
                                Attorneys for Plaintiffs

                                    /s/ Dana A. LeJune

Dated:  May 19, 2016            By:_____
                                Dana A. LeJune

                              **BUSINESS ADDRESS & TELEPHONE:**
                                6525 Washington Avenue, Ste. 300
                                Houston, Texas 77007
                                (713) 942-9898